IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC R. GORDON AND GARETH R. GORDON,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, JOHN A. RUSSO, ROBERT BERNAL, AUGUSTIN BORJON, and DESILVA ENTERPRISES,<br><br>  Defendants.<br>_____/ | No. C 09-05794 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

This is an action involving alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution by the City of Oakland and its agents. Defendants City of Oakland, Robert Bernal, Augustin Borjon, and John A. Russo move to dismiss plaintiffs' complaint on various grounds. For the reasons stated below, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

On December 9, 2009, plaintiffs Eric Gordon and Gareth Gordon, proceeding *pro se*, filed a complaint alleging the following facts which are accepted as true for the purposes of this order.

On September 22, 2008, plaintiffs received a notice to clean trash and debris from the front of their property. The notice was sent from defendant Robert Bernal, Specialty/Combination Inspector for the City of Oakland. Less than a month later, plaintiffs received a second notice from Inspector Bernal indicating that their front yard was clean but that their backyard was not clean. Shortly after receiving the second notice, plaintiff Eric Gordon spoke to Inspector Bernal, in person, to inform him that no one would be allowed onto his property without a warrant. Inspector Bernal told plaintiff Eric Gordon that he would obtain a warrant.

On November 14, 2008, employees of defendant DeSilva Enterprises allegedly trespassed onto plaintiffs' backyard and loaded plaintiffs' personal property into a truck. Plaintiff Gareth Gordon demanded that the employees produce a warrant. The employees failed to produce a warrant and instead, showed plaintiff Gareth Gordon instructions from the City of Oakland to "abate the alleged blight" from plaintiffs' backyard (Compl. Exh. A). Plaintiff Gareth Gordon told the employees that the instructions were insufficient and demanded the return of his personal property, at which point, Inspector Bernal was called to the scene. Inspector Bernal allegedly informed plaintiff Gareth Gordon that a warrant was not necessary but that he would obtain one later. The employees left the scene with plaintiffs' personal property.

A few days later, plaintiff Eric Gordon spoke to defendant Augustin Borjon, Senior Combination Specialty Inspector for the City of Oakland. During their meeting, plaintiff Eric Gordon informed Senior Inspector Borjon that the City of Oakland violated the Fourth and Fourteenth Amendment by trespassing on his property and stealing his personal property without a warrant. Senior Inspector Borjon assured plaintiff Eric Gordon that he would obtain a warrant.

On November 28, 2008, plaintiffs received a letter from Senior Inspector Boron. Senior Inspector Borjon informed plaintiffs that an inspection warrant would be requested, and he advised plaintiffs to call Inspector Bernal by November 21 to arrange to appear at the hearing. Because plaintiffs did not receive the letter in time, they were unable to attend the hearing. The letter was postmarked on November 18 and sent via registered mail. Plaintiffs received

1  an attempted delivery notice from the post office on November 25 and 26. Plaintiffs allege that
2  Inspector Bernal and Senior Inspector Borjon intentionally distorted plaintiffs' mailing address
3  to prevent them from appearing at the hearing.

4      A few days later, employees of defendant DeSilva Enterprises returned to plaintiffs'
5  property and removed plaintiffs' remaining personal property in their backyard. Officer Smith
6  and Officer Borello were also present and informed plaintiffs that defendant DeSilva Enterprises
7  had a warrant to enter forcibly and remove plaintiffs' personal property from their backyard.
8  The warrant was issued on November 24, 2008 (Opp. Exh. A).

9      On December 9, 2009, plaintiffs commenced this action. Defendants City of Oakland,
10 Robert Bernal, Augustin Borjon, and John A. Russo filed this motion to dismiss. Though not
11 mentioned in the complaint, defendant John A. Russo was the City Attorney for the City of
12 Oakland.

## ANALYSIS

### 1. LEGAL STANDARD.

Although materials outside of the pleadings should not be considered without converting a motion to dismiss to a motion for summary judgment, a district court may consider all materials submitted as part of the complaint including exhibits and documents to which the complaint specifically refers and whose authenticity is not questioned even if they are not physically appended to the complaint. *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

This order involves a review of documents essential to the claims and specifically referred to in the complaint. This does not mean that all necessary documents are before the Court.

### 2. LEGAL SUFFICIENCY OF THE COMPLAINT.

Defendants contend that plaintiffs' complaint must be dismissed because it fails to state a basis for liability aside from the Fourth and Fourteenth Amendments of the United States Constitution. The Ninth Circuit held that "a plaintiff may not sue a state defendant directly under the Constitution where section 1983 provides a remedy, even if that remedy is not

3

available to the plaintiff." *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382–83 (9th Cir. 1998). The complaint seeks relief under the Constitution only, and plaintiffs agree that their complaint must be amended. In their opposition, plaintiffs assert that, if allowed, they will amend their complaint to properly state a claim under Section 1983.

It may not be necessary, however, for plaintiffs to amend their complaint. The Ninth Circuit has held:

> The pleadings need only identify the basis of the court's jurisdiction, demand for judgment for the relief sought, and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleadings need not identify any particular legal theory under which recovery is sought.

*Crull v. Gem Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995) (citations omitted). Though the complaint improperly alleges claims under the Constitution only, the complaint may survive a motion a dismiss in light of the fact that *pro se* pleadings must be liberally construed and that plaintiffs need not identify any particular legal theory under which recovery is sought. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This order will now address the sufficiency of plaintiffs' complaint as to Section 1983 and other possible claims.

**3.   INDIVIDUAL DEFENDANTS.**

   **A.   DEFENDANT CITY OF OAKLAND.**

Assuming plaintiffs are proceeding under Section 1983, defendant City of Oakland correctly asserts that plaintiffs fail to state a claim upon which relief may be granted because local government entities cannot be held liable under a respondeat superior theory. A local government entity is liable under Section 1983 only when it executes a policy or custom that inflicts an injury. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). The Supreme Court held:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Ibid.*

4

Here, plaintiffs fail to allege a government policy or custom that caused injury to them. Plaintiffs allege that "[a]gent for the City of Oakland, CA., [sic] Robert Bernal, did enter onto the curtilage of the private property located at 641 Paloma Ave. in the City of Oakland, CA., without warrant, and removed personal property of [p]laintiffs" (Compl. at 2). Plaintiffs also allege that "the City of Oakland, and its agents failed to afford the plaintiff Gareth R. Gordon the due process protections granted American Citizens under the Fourteenth Amendment of the Constitution of the United States of America" (Compl. Exh. A). Plaintiffs allege liability under a respondeat superior theory, rather than an official policy or custom. Accordingly, plaintiffs' complaint as to defendant City of Oakland does not state a claim for relief under Section 1983.

Plaintiffs, however, do state a claim for relief against defendant City of Oakland under California law. The California Tort Claims Act, rejecting *Monell*, imposes liability on public entities for acts of its employees under the doctrine of respondeat superior. *Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002). Section 815.2 of the California Government Code stated:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
>
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Moreover, "[a] municipality is not exempt from liability for a trespass caused by its corporate act." *Los Angeles Brick & Clay Products Co. v. City of Los Angeles*, 60 Cal. App. 2d 478, 485–86 (1943). In the instant action, defendant City of Oakland is not immune from suit under California law because it is not exempt from liability for alleged trespass caused by its agents, and plaintiff alleges liability under a respondeat superior theory. Accordingly, defendant City of Oakland may be liable under the California Tort Claims Act, and defendant City of Oakland's motion to dismiss on this basis is **DENIED**.

5

B.  **DEFENDANT BERNAL, AS SPECIALTY/COMBINATION INSPECTOR FOR THE CITY OF OAKLAND, AND DEFENDANT BORJON, AS SENIOR COMBINATION SPECIALTY INSPECTOR FOR THE CITY OF OAKLAND.**

Again, assuming plaintiffs are proceeding under Section 1983, Inspector Bernal and Senior Inspector Borjon correctly contend that plaintiffs fail to allege facts sufficient to constitute a claim for relief because plaintiffs fail to allege any policy or custom that led to their injuries. "A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." Thus, a governmental officer may be found liable in his official capacity only if policy or custom played a part in the violation of federal law. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Here, plaintiffs failed to allege any policy or custom that led to their injuries. Accordingly, plaintiffs' allegations do not state a claim for relief under Section 1983 as to Inspector Bernal and Senior Inspector Borjon.

Plaintiffs, however, do state a claim for relief against Inspector Bernal under California law. The California Tort Claims Act imposed liability on public employees. Section 820 of the California Government Code stated, in relevant part, as follows:

> (a) Except as otherwise provided by statute . . . , a public employee is liable for injury caused by his act or omission to the same extent as a private person.
>
> (b) The liability of a public employee established by this part . . . is subject to any defenses that would be available to the public employee if he were a private person.

Here, plaintiffs allege that "[a]gent for the City of Oakland, CA., [sic] Robert Bernal, did enter onto the curtilage of the private property located at 641 Paloma Ave. in the City of Oakland, CA., without warrant, and removed personal property of [p]laintiffs" (Compl. at 2). Plaintiffs also allege that Inspector Bernal failed to obtain and produce a warrant to search and seize plaintiffs' personal property located in their backyard. These factual allegations raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Accordingly, plaintiffs' complaint does state a claim for relief under California law, and Inspector Bernal's motion to dismiss is **DENIED**.

With respect to Senior Inspector Borjon, plaintiffs fail to state a claim under California law. Here, plaintiffs allege that Senior Inspector Borjon intentionally distorted plaintiffs'

6

mailing address to prevent them from appearing at the hearing at which the warrant was issued. Plaintiffs allege that the letter from Senior Inspector Borjon was mailed to "Monique E. Gordon" instead of "Monique E. Gordon Trust" and that this discrepancy caused a delay in the delivery of the letter (Compl. Exh. A). This factual allegation is not enough to raise a right to relief above the speculative level as there could be many different reasons for why plaintiffs did not receive the letter in a timely fashion. *Twombly*, 550 U.S. at 545. Accordingly, plaintiffs' complaint does not state a claim for relief under California law as to Senior Inspector Borjon, and Senior Inspector Borjon's motion to dismiss is **GRANTED**.

### C. DEFENDANT RUSSO, AS CITY ATTORNEY FOR THE CITY OF OAKLAND.

Defendant Russo correctly asserts that plaintiffs fail to allege facts sufficient to constitute a claim for relief as against him because the complaint does not allege facts against him. Defendant Russo's name appears only on the caption of plaintiffs' complaint. The complaint does not allege any facts concerning what defendant Russo did or failed to do. Such naked assertions without factual allegations are impermissible even when the complaint is construed in the light most favorable to plaintiffs. Accordingly, plaintiffs' complaint as against defendant Russo is **DISMISSED**.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Within **FOURTEEN CALENDAR DAYS**, plaintiff may file a motion on a normal 35-day track seeking to cure the foregoing deficiencies and appending to the motion a proposed amended complaint. The motion should explain why each new claim overcomes the deficiencies. Leave to amend is otherwise denied.

**IT IS SO ORDERED.**

Dated: April 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7